**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 10-01814-PHX-FJM |
| Respondent, | CR 08-01249-PHX-FJM |
| vs. | **AMENDED ORDER** |
| Luis Hurtado-Villa, | |
| Petitioner. | |

The court has before it petitioner's motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255 (doc. 1), respondent's response (doc. 10), petitioner's reply (doc. 14), and a report and recommendation of the United States Magistrate Judge (doc. 28). The court also has before it petitioner's objection to the report and recommendation (doc. 29) and respondent's response (doc. 30).

**I. Background**

Petitioner was charged with participation in the cultivation of over 1,200 marijuana plants. He pled guilty on December 4, 2008 to one count of conspiracy to cultivate a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii), and 841(b)(5). He was sentenced on March 26, 2009 to eighteen months in prison, followed by

1 five years of supervised release. Petitioner did not appeal. After petitioner was released
2 from federal custody on January 15, 2010, he was transferred to immigration custody in
3 Texas and appeared before an immigration judge. Petitioner was removed to Mexico several
4 days later.

5 On March 31, 2010, the United States Supreme Court decided Padilla, holding that
6 the Sixth Amendment requires counsel to inform a client about any deportation risks
7 associated with a guilty plea. Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473, 1486 (2010).
8 On August 24, 2010, petitioner filed a motion to vacate under 28 U.S.C. § 2255.[1] Petitioner
9 raises two grounds for relief: (1) that petitioner was deprived of his Sixth Amendment right
10 to effective assistance of counsel due to counsel's failure to properly advise him of the
11 immigration consequences of his plea, and (2) that Padilla applies retroactively to his case.

12 The magistrate judge concluded that petitioner was in custody for purposes of § 2255
13 despite being deported, and that petitioner's express waiver of collateral attack in his plea
14 agreement did not preclude him from seeking relief on his ineffective assistance of counsel
15 claim. However, the magistrate judge found that petitioner's motion was not timely filed, and
16 thus recommends that the motion be denied.

17 Petitioner and respondent disagree as to whether Padilla's holding creates a new rule
18 under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989). A new rule is one that either
19 breaks new ground, creates a new obligation, or was not "dictated by precedent." Saffle v.
20 Parks, 494 U.S. 484, 488, 110 S. Ct. 1257, 1260 (1990). The three circuit courts that have
21 analyzed the impact of Padilla are split. Compare United States v. Chang Hong, __ F.3d __,
22 No. 10-6294, 2011 WL 3805763 (10th Cir. Aug, 30, 2011) (Padilla is a new rule); Chaidez
23 v. United States, __ F.3d __, No. 10-3623, 2011 WL 3705173 (7th Cir. Aug. 23, 2011)
24 (same), with United States v. Orocio, 645 F.3d. 630 (3d Cir. 2011) (Padilla is an old rule).
25 The Ninth Circuit has yet to decide the issue. The magistrate judge concluded that Padilla

---

[1] The magistrate judge referenced the date of filing as March 15, 2011. Both petitioner and respondent agree, and the record reflects, that the date of filing was August 24, 2010. We will proceed in our analysis using August 24, 2010 as the date of filing.

is an old rule. We need not decide this question because petitioner's action is time-barred whether Padilla is "old" or "new."

## II. Untimeliness of Petition if Padilla is "Old"

Petitioner states two objections to the magistrate judge's report and recommendation. First, petitioner argues that despite the magistrate judge's finding that Padilla is an old rule, its issuance date of March 31, 2010 nevertheless represents the moment when the one-year filing deadline began to accrue under 28 U.S.C. § 2255(f). In reaching this conclusion, petitioner argues that § 2255(f)(3) controls because Padilla recognized a new right by clarifying an existing rule for the first time. Respondent contends that if Padilla did not create a new rule, the statute of limitations is governed by § 2255(f)(1). Because petitioner did not file his motion within one year of the date his conviction became final, respondent argues the motion is untimely.

Section 2255(f) outlines the applicable statute of limitations for § 2255 motions. The one-year limitations period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The magistrate judge found that §2255(f)(3) does not apply to old rules. We agree. If a rule is old, then under Teague it applies retroactively on collateral review. Whorton v. Bockting, 549 U.S. 406, 416, 127 S. Ct. 1173, 1180 (2007). Petitioner argues that the Court in Padilla newly recognized an old rule. Thus, according to petitioner, 2255(f)(3) applies, rendering his motion timely because it was filed on August 24, 2010, less

than one year after the Supreme Court decided Padilla. However, petitioner's logic would render the second clause of § 2255(f)(3), "and made retroactively applicable to cases on collateral review," superfluous. Petitioner cites no support for his novel distinction between an old rule and a newly recognized right and his resulting interpretation of § 2255(f)(3). The argument is unsupported by logic or common sense. Instead, § 2255(f)(1) governs and establishes petitioner's statute of limitations for filing this motion.

A conviction becomes final for § 2255 purposes once a defendant's opportunity to appeal expires. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Neither party objects to the magistrate judge's finding that petitioner's conviction became final on April 9, 2009. Because petitioner filed this motion on August 24, 2010, more than one year after his conviction became final, if Padilla is an old rule then petitioner's motion is untimely.

Petitioner next objects to the magistrate judge's finding that he was not entitled to equitable tolling. The statute of limitations in § 2255 is subject to equitable tolling. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004). Under this doctrine, a party seeking to toll the limitations period must show that "extraordinary circumstances" beyond his control rendered it impossible to file a timely petition, and that these "extraordinary circumstances were the cause of his untimeliness." Id. at 1197 (citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)). Equitable tolling requires petitioners to "clamber over [a] very high threshold." Id. Petitioner argues that he was not aware of the immigration consequences of his plea until after he was transferred from federal custody in January 2010. He contends that this, combined with the fact that Padilla was not decided until March 31, 2010, amounted to extraordinary circumstances that made it impossible for him to submit a timely filing by April 9, 2010.

Petitioner has not shown that extraordinary circumstances prevented him from submitting a petition during the nine days that elapsed between the date Padilla was decided and his § 2255 filing deadline. Petitioner notes that he first learned of the immigration

consequences of his plea when he appeared before an immigration judge in January 2010 and was removed to Mexico days later. After he learned of these consequences, he met with his current lawyer. Padilla was decided after petitioner was already aware that his plea carried deportation consequences. Petitioner has made no showing that it was impossible for him and his lawyer to prepare and file his § 2255 motion before the expiration of the statute of limitations. Equitable tolling is therefore inapplicable.

### III. Untimeliness of Petition if Padilla is "New"

Respondent argues that Padilla created a new rule of criminal procedure. A new rule only applies retroactively to cases on collateral review when it is either (1) substantive or (2) a "watershed rule" implicating the "fundamental fairness and accuracy" of a criminal proceeding. Whorton, 549 U.S. at 416, 127 S. Ct. at 1180. The Tenth Circuit, the only circuit that has considered the issue of retroactive application to Padilla as a new rule, held that Padilla did not apply retroactively. Chang Hong, __ F.3d __, No. 10-6294, 2011 WL 3805763, at *8-9 (rule is procedural and is not a "watershed rule").

If Padilla is a new rule, we agree with the respondent that it does not apply retroactively. Rather than affecting the substance of criminal law, it regulates the way in which a person decides whether to plead guilty. Id. at *8. And rather than implicating the fairness or accuracy of a criminal proceeding, it regulates the advice a lawyer must give his client when contemplating a decision to plead guilty. It is therefore "not germane to concerns about risks of inaccurate convictions," because a defendant admits his own guilt through a plea. Id. at *9. Thus, even if Padilla created a new rule, its holding is not available to petitioner.

### IV. Conclusion

Whether Padilla is old or new, petitioner's action is time-barred. Accordingly, we accept the recommended disposition of the magistrate judge (doc. 28). **IT IS ORDERED DENYING** the motion to vacate judgment and sentence (doc. 1). **IT IS FURTHER**

- 5 -

**ORDERED DENYING** a certificate of appealability because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 12th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge